NO. 07-09-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 30, 2009

_____

JASON EARLE WELLS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 05-1399-K26; HON. BILLY RAY STUBBLEFIELD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jason Earle Wells was placed on deferred adjudication after pleading guilty in 2006 to the offense of burglary of a habitation. The State sought to have his guilt adjudicated in September 2007 and again in April 2008. After a hearing, the court revoked

appellant's probation, adjudicated his guilt, and sentenced him to twelve years confinement.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, appellate counsel has attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response or brief *pro se.* By letter dated June 22, 2009, this court also notified appellant of his right to file his own brief or response and set July 22, 2009, as the deadline to do so. To date, we have received no response.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed several potential areas for appeal. They include 1) whether the trial court was neutral and detached, 2) whether the State proved by a preponderance of the evidence that appellant violated one or more conditions of his probation, and 3) whether any error occurred at the time appellant was first placed on deferred adjudication. Counsel has explained why the first and third issues lack merit.

With respect to the second issue, counsel states that the sufficiency of the evidence to support the trial court's decision to adjudicate is not appealable. However, as the State points out, the same was appealable at the time of the hearing on the motion to adjudicate in this matter. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §5(b) (Vernon Supp. 2008). Nevertheless, pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991), we have conducted our own review of the record and conclude that the evidence

---

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

was sufficient to support one or more violations. Our own review has also failed to reveal any reversible error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.[2]


Brian Quinn
Chief Justice


Do not publish.

---

[2]Appellant has the right to file a *pro se* petition for discretionary review from this opinion.